IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES CHRISTOPHER KING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 3:13-cv-02068 |
| | § | |
| T-MOBILE US, INC, | § | |
| f/k/a T-MOBILE USA, INC. | § | |
| f/k/a | § | |
| METROPCS COMMUNICATIONS, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE COURT:

Plaintiff James Christopher King presents his Complaint and Jury Demand and shows the

Court the following:

### PARTIES

1.     Plaintiff King is a resident of Collin County, Texas.

2.     Defendant T-Mobile US, Inc., formerly known as T-Mobile USA, Inc., formerly

known as MetroPCS Communications, Inc., is a foreign corporation. King was an employee of

Defendant when it was known as MetroPCS Communications, Inc. For convenience, Defendant

will be referred to as "MetroPCS."

3.     MetroPCS regularly conducts business in Dallas County, Texas, formally

maintained its principal place of business in Dallas County, Texas, and King worked for

MetroPCS in Dallas County, Texas.

4.      MetroPCS's agent for service of process is Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION

5.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1332.  This is a suit that may be authorized by §§ 502(a)(1)(B) and 510 of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"), or it arises under Texas common law.

6.      King seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 to determine whether the claim arises under ERISA or common law.

## BACKGROUND FACTS

7.      MetroPCS employed King beginning October 9, 2006.

8.      MetroPCS implemented a 2012 Annual Cash Performance Award Agreement (the "2012 Bonus Plan").

9.      The 2012 Bonus Plan awards an eligible employee payments for meeting performance measures set by MetroPCS.

10.      MetroPCS agreed that King was an eligible employee under the 2012 Bonus Plan.

11.      MetroPCS paid King bonus payments under previous Annual Cash Performance Award Agreements for meeting performance measures set by MetroPCS.

12.      MetroPCS represented to King that he obtained a 2012 Performance Rating of 4 - Excellent.

13.      MetroPCS represented to King that the 2012 Bonus Award Plan payout to him was $14,200, to be paid as part of the February 22, 2013 paycheck.

14.     MetroPCS failed to pay King the bonus payment promised under the 2012 Bonus Plan.

15.     MetroPCS also implemented two stock incentive plans: a 2004 Equity Incentive Compensation Plan and a 2010 Equity Incentive Compensation Plan (the "Stock Plans").

16.     MetroPCS represented that King was eligible under the Stock Plans.

17.     MetroPCS also agreed to pay a retention bonus if King remained an employee until the merger between MetroPCS Communications, Inc., and T-Mobile USA, Inc., on May 1, 2013 (the "Retention Bonus Plan").

18.     MetroPCS also agreed that King's bonus for 2013 would be immediately paid upon the merger (the "2013 Bonus Plan").

19.     MetroPCS discharged King on March 7, 2013.

20.     MetroPCS's reasons for King's termination are not credible.

21.     MetroPCS terminated King for the purpose of retaining the money promised to King.

## ERISA ACTION

22.     MetroPCS violated ERISA by failing to pay King benefits due him under the terms of the 2012 Bonus Plan, the 2013 Bonus Plan, the Stock Plans, and the Retention Bonus Plan ("the Plans").

23.     MetroPCS breached its fiduciary duties under the Plans.

24.     MetroPCS failed to pay money due under the Plans.

25.     MetroPCS discharged, suspended, and expelled King for the purpose of interfering with the attainment of rights to the Plans by King.

26.     MetroPCS is responsible for the losses caused to King for failing to pay King under the terms of the Plans.

27.     MetroPCS is responsible for reasonable attorneys' fees, expenses, interest, and costs incurred by King in this litigation.

## DECLARATORY ACTION

28.     King seeks declaratory relief to determine whether ERISA applies to each of the Plans.

## BREACH OF CONTRACT

29.     To the extent that ERISA is not applicable to the enforcement of the Plans, the common law of contract is applicable.

30.     MetroPCS failed to perform under the agreements as promised.

## REQUEST FOR JURY

31.     King requests a jury to the extent allowed by law.

WHEREFORE, King requests that upon final trial he be awarded the losses caused by MetroPCS for failing to pay him according to the terms of the Plans together with reasonable attorneys' fees, expenses, interest, and costs.

Respectfully submitted,


By:  _/s/ Brian P. Sanford_
         BRIAN P. SANFORD
         Texas Bar No. 17630700
         DAVID B. NORRIS
         Texas Bar No. 24060934

**SANFORDBETHUNE**
3610 Shire Blvd., Ste. 206
Richardson, TX 75082
Ph:  (972) 422-9777
Fax: (972) 422-9733

**ATTORNEYS FOR PLAINTIFF
JAMES CHRISTOPHER KING**